THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMILIANO ADON, Appellant. [9 NYS3d 269]—

Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered April 3, 1997, convicting defendant, upon his plea of guilty, of conspiracy in the second degree and

criminal sale of a controlled substance in the second degree, and sentencing him to an aggregate term of three years to life, unanimously affirmed.

Since the record is clear that defendant knew that his guilty plea could result in deportation, his claim that the court misadvised him of the specific immigration consequences of his plea does not come within the narrow exception to the preservation requirement (*see People v Peque*, 22 NY3d 168, 182 [2013], *cert denied* 574 US —, 135 S Ct 90 [2014]), and we decline to review this unpreserved claim in the interest of justice. As an alternative holding, we reject it on the merits. The record of the plea proceedings establishes that defendant discussed immigration issues with his attorney and that the court appropriately advised him that he could be deported as a result of his plea. To the extent that defendant is claiming that his attorney rendered ineffective assistance, and to the extent the record permits review of that claim, we also reject that claim.

The court properly denied defendant's motion to withdraw his guilty plea, which did not raise any immigration-related issues (*see People v Frederick*, 45 NY2d 520 [1978]). Defendant's claims of coercion and innocence were unsubstantiated, and the linkage of defendant's plea to that of his codefendants satisfied constitutional standards for such an arrangement (*see People v Fiumefreddo*, 82 NY2d 536 [1993]).

The record fails to support defendant's contention that the court misapprehended its discretion to grant the motion.

We have considered and rejected defendant's remaining claims. Concur—Tom, J.P., Friedman, Sweeny, Saxe and Clark, JJ.